# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **G.G., L.W., and K.W.**

**No. 16-1086** (Jackson County 16-JA-19, 16-JA-20, & 16-JA-21)

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother B.S., by counsel Ryanne A. Ball, appeals the Circuit Court of Jackson County's October 12, 2016, order terminating her parental rights to G.G, L.W., and K.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her request for a post-adjudicatory improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against petitioner and her boyfriend.[2] Specifically, the petition alleged that K.W. was born drug-addicted and suffered from withdrawal symptoms. The petition further alleged that petitioner abused drugs throughout her pregnancy and continued to use drugs while acting as the caregiver for the children, thereby affecting her ability to properly parent the children and leading to G.G.'s abandonment.

In May of 2016, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations in the petition and the circuit court adjudicated her as an abusing parent. Specifically, petitioner admitted that her substance abuse negatively affected her ability to parent the children. Following the adjudicatory hearing, petitioner filed a motion for a post-adjudicatory improvement period. Subsequently, a multi-disciplinary team ("MDT") held two meetings wherein the MDT agreed that petitioner should be granted an improvement period with

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner's boyfriend, T.W., is the father of L.W. and K.W.

1

the following conditions: that she enter an in-patient drug rehabilitation treatment program and submit to random drug screening as a prerequisite for visitation with the children.

In August of 2016, the DHHR filed a notice of intent to recommend the termination of petitioner's parental rights. Also in August of 2016, the circuit court held a dispositional hearing wherein it addressed petitioner's motion for a post-adjudicatory improvement period and the DHHR's motion to terminate her parental rights. A DHHR worker testified that, during the pendency of the case, petitioner failed drug screens on numerous occasions, including testing positive for methamphetamines and benzodiazepines. The worker also testified that, as a result of her missed and positive drug screens, petitioner had not visited with the children. The worker further testified that petitioner failed to complete an in-patient drug rehabilitation treatment program and was terminated from the Beckley Women's Treatment Program.[3] Petitioner admitted to daily drug abuse and to struggling with addiction for sixteen years. She testified that she previously enrolled in two different in-patient drug rehabilitation treatment programs and failed to complete either program.[4] Based upon this evidence, by order entered on October 12, 2016, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, terminated her parental rights to the children, and denied her motion for a post-adjudicatory improvement period.[5] It is from that order that petitioner appeals.

The Court has previously established the following standard of review in cases such as these:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply

---

[3]The Beckley Women's Treatment Program is an all-women's drug treatment program and rehabilitation center.

[4]The record below indicates that petitioner voluntarily left one in-patient drug rehabilitation treatment program and was terminated from a second program for failing a random drug screen.

[5]The parental rights of both biological parents of L.W. and K.W. were terminated below. The guardian states that L.W. and K.W. were placed in the home of their paternal grandmother and the permanency plan is adoption into that home. Additionally, petitioner's parental rights to G.G. were terminated below. M.G., the non-offending father of G.G., retained his parental rights because there were no allegations of abuse or neglect against him. According to the guardian, G.G. currently resides with his non-offending father with a permanency plan to remain in the home.

because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period or in its termination of her parental rights.

Petitioner first argues on appeal that the circuit court erred in denying her motion for a post-adjudicatory improvement period. In support of her argument, petitioner asserts that she established that she was likely to fully participate in an improvement period as evidenced by her repeated attempts to enroll in in-patient drug rehabilitation treatment programs. Upon our review, however, the Court finds that petitioner failed to satisfy the applicable burden to obtain an improvement period. Regarding whether an improvement period should be granted, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear from the record that petitioner failed to demonstrate her ability to fully participate in an improvement period. Petitioner has an extensive history of drug abuse. The circuit court was presented with evidence that petitioner continued to abuse drugs throughout the underlying proceedings and failed to complete any in-patient drug rehabilitation treatment programs. According to the record, petitioner tested positive for methamphetamines and benzodiazepines. Petitioner's own testimony that she abused drugs daily supports the circuit court's finding that she was unlikely to make a meaningful change with regard to her substance abuse and parenting issues. Petitioner clearly failed to establish that she was likely to fully participate in a post-adjudicatory improvement period, and we find no error in the circuit court denying petitioner's motion.

Petitioner next argues that the circuit court erred in terminating her parental rights without granting her request for an improvement period. The Court, however, does not agree. Petitioner's argument ignores the facts of the case presented below. Specifically, the circuit court found that petitioner failed to remedy the conditions of abuse and neglect in the home. These findings were based on substantial evidence, including evidence that petitioner abused drugs daily and failed to complete any in-patient drug rehabilitation treatment programs. Further, we have previously held that "a parent charged with abuse and/or neglect is not unconditionally entitled to an improvement period." *Charity H.*, 215 W.Va. at 216, 599 S.E.2d at 639 (2004).

Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child . . . .

Further, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011).

Based upon the substantial evidence outlined above, the circuit court found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect because, according to the circuit court, her "history is an indicator that she is unwilling or unable to remedy her substance abuse problems." The circuit court further found that termination of petitioner's parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate a parent's parental rights upon such findings. Accordingly, we find no error below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 12, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 16, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4